**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

REBECCA KATHERINE HORECZY,

      Petitioner,                      CASE NO. 2:10-CV-10270-DT

v.                                HONORABLE GERALD E. ROSEN
                                              CHIEF UNITED STATES DISTRICT JUDGE

MILLICENT WARREN,

      Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Rebecca Katherine Horeczy, ("Petitioner"), presently confined at the Huron Valley Complex for Women in Ypsilanti, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In her *pro se* application, petitioner challenges her sentence for second-degree murder, M.C.L.A. 750.317.  For the reasons stated below, the petition for writ of habeas corpus is summarily dismissed**.**

## I. Background

Petitioner was originally charged with first-degree murder and first-degree child abuse.  Pursuant to a plea agreement with the Wayne County Prosecutor, petitioner pleaded guilty to a reduced charge of second-degree murder, in exchange for dismissal of the original charges.  The plea bargain included an agreement by the parties that petitioner would receive a sentence of twenty-five to sixty years in prison.  On January 8, 2008, petitioner was sentenced to twenty-five to sixty years in prison.

Petitioner's sentence was affirmed on appeal. *People v. Horeczy,* No. 288281

(Mich.Ct.App. February 2, 2009); *lv. den.* --- Mich. ---; 771 N.W. 2d 775 (2009).

Petitioner now seeks a writ of habeas corpus on the following ground:

Defendant-Appellant's sentence of 25 to 60 years in prison represents a significant departure from the legislatively mandated sentencing guidelines without substantial and compelling reasons articulated by the trial court, which is in violation of statute, even though a sentence agreement existed in connection with the plea bargaining process.

## II. Discussion

A petition for a writ of habeas corpus must set forth facts that give rise to a cause of action under federal law or it may summarily be dismissed. *See Perez v. Hemingway,* 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). Federal courts are also authorized to dismiss any habeas petition that appears legally insufficient on its face. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). A federal district court is authorized to summarily dismiss a habeas corpus petition if it plainly appears from the face of the petition or the exhibits that are attached to it that the petitioner is not entitled to federal habeas relief. *See Carson v. Burke,* 178 F. 3d 434, 436 (6th Cir. 1999); Rules Governing § 2254 Cases, Rule 4, 28 U.S.C. foll. § 2254. The Sixth Circuit, in fact, long ago indicated that they "disapprove the practice of issuing a show cause order [to the respondent] until after the District Court first has made a careful examination of the petition." *Allen v. Perini,* 424 F. 3d 134, 140 (6th Cir. 1970). A district court therefore has the duty to screen out any habeas corpus petition which lacks merit on its face. *Id.* at 141. No return to a habeas petition is necessary when the petition is frivolous, or obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of a return by the state. *Id.*

After undertaking the review required by Rule 4, this Court concludes, for

reasons stated in greater detail below, that petitioner's sentencing claim does not entitle her to habeas relief, such that the petition must be summarily denied. *See McIntosh v. Booker,* 300 F. Supp. 2d 498, 499 (E.D. Mich. 2004).

Petitioner contends that the trial court erred in departing above the sentencing guidelines range of 144 to 240 months in this case without articulating any reasons on the record for doing so. Petitioner contends that she is entitled to resentencing in this matter, even though the sentence agreement between the parties called for petitioner to receive a sentence of twenty-five to sixty years in prison.

The Court initially notes that the prosecutor and petitioner agreed that petitioner would receive a sentence of twenty-five to sixty years, and the trial court sentenced petitioner to twenty-five to sixty years in prison. A defendant who consents to a specific sentence in a plea agreement and receives the exact sentence that he bargained for waives the right to challenge the sentence on appeal or collateral review. *See United States v. Livingston,* 1 F. 3d 723, 725 (8th Cir. 1993); *Gill v. Berghuis,* No. 2008 WL 1995096, *2 (E.D. Mich. May 6, 2008); *Drumm v. Warren,* No. 2005 WL 3107772, * 5 (E.D. Mich. November 18, 2005); *Lozada-Rivera v. United States,* 195 F. Supp. 2d 365, 368 (D. Puerto Rico 2002).

In addition, petitioner's sentence of twenty-five to sixty years in prison was within the statutory limit under Michigan law for the crime of second-degree murder. A sentence imposed within the statutory limits is not generally subject to habeas review. *Townsend v. Burke*, 334 U.S. 736, 741 (1948); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999). A sentence within the statutory maximum set by statute does not normally constitute cruel and unusual punishment. *Austin v. Jackson*, 213 F. 3d 298,

3

302 (6th Cir. 2000).

It is well-established that "federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991).  Petitioner's claim that the state trial court misapplied the Michigan Sentencing Guidelines is not a cognizable claim for federal habeas review, because it is basically a state law claim. *See Howard v. White,* 76 Fed. Appx. 52, 53 (6th Cir. 2003); *See also Coy v. Renico,* 414 F. Supp. 2d 744, 780 (E.D. Mich. 2006).  Petitioner has no state-created interest in having the Michigan Sentencing Guidelines applied rigidly in determining her sentence. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 752 (E.D. Mich. 2005); *See also Lovely v. Jackson,* 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004).  Petitioner's claim that the state trial court improperly departed above the sentencing guidelines range would thus not entitle her to habeas relief. *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999); *See also Drew v. Tessmer,* 195 F. Supp. 2d 887, 889-90 (E.D. Mich. 2001).  "[I]n short, petitioner had no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt,* 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004).  Any error by the trial court in calculating her guideline score or in departing above her sentencing guidelines range alone would not merit habeas relief. *Id.*

Moreover, the trial court's failure to articulate substantial and compelling reasons on the record for departing above the sentencing guidelines range, as required by M.C.L.A. 769.34(3), would not entitle petitioner to habeas relief, because the alleged violation of Michigan law is not a basis for habeas relief. *See Jackson v. Hofbauer*, No. 2008 WL 4937956, * 3 (E.D. Mich. November 13, 2008); *See also Koras v. Robinson,* 123 Fed. Appx. 207, 214 (6th Cir. 2005)(state trial judge's alleged failure to articulate the

4

reasons for enhancing habeas petitioner's sentence, in violation of M.C.R. 6.425 and Michigan case law, did not present a basis for federal habeas corpus relief).

In the present case, although petitioner's sentence of twenty-five to sixty years in prison exceeded the sentencing guidelines range, the sentence was within the statutory maximum for the crime of second-degree murder.  Accordingly, petitioner's sentence does not violate the Eighth Amendment ban against cruel and unusual punishment.  *See Bryant v. Yukins,* 39 Fed. Appx. 121, 123 (6th Cir. 2002).

### III.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because she has failed to make a substantial showing of the denial of a

5

federal constitutional right. *See also Millender v. Adams,* 187 F. Supp. 2d 852, 880

(E.D. Mich. 2002).  Indeed, it would be a "rare case" in which a district judge issues a

habeas petitioner a certificate of appealability to appeal after he dismisses a habeas

petition without requiring an answer because it plainly appeared from the face of the

petition and any exhibits annexed to it that the petitioner was not entitled to habeas

relief. *See e.g. Alexander v. Harris,* 595 F. 2d 87, 91 (2nd Cir. 1979)*; Myers v. Ludwick*,

No. 2009 WL 4581693, * 4 (E.D. Mich. December 3, 2009).  The Court will also deny

petitioner leave to appeal *in forma pauperis*, because the appeal would be frivolous.

*See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

## IV. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas

corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that leave to appeal *in forma pauperis* is **DENIED***.*


s/Gerald E. Rosen_____
Chief Judge, United States District Court

Dated:  January 27, 2010

I hereby certify that a copy of the foregoing document was served upon <u>  Rebecca
Horeczy, #673405, Huron Valley Complex-Women's, 3201 Bemis Road, Ypsilanti, MI
48197 </u>, on January 27, 2010, by ordinary mail.

s/Ruth Brissaud_____
Case Manager